IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCEAN CITY EXPRESS CO., INC., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff | |
| v. | Civil No. 13-1467 (JBS/KMW) |
| ATLAS VAN LINES, INC., | |
| Defendant | **OPINION** |

APPEARANCES:

Jeffrey H. Sutherland, Esq.
JEFFREY H. SUTHERLAND, PC
Linwood Commons
2106 New Road, Suite E-5
Linwood, N.J. 08221
    Attorney for Plaintiff

Gary Francis Seitz, Esq.
RAWLE & HENDERSON, LLP
401 Route 73 North
40 Lake Center Executive Park, Suite 200
Marlton, N.J. 08053
    Attorney for Defendant

**SIMANDLE**, Chief Judge:

**I. INTRODUCTION**

This action comes before the Court on Defendant Atlas Van Lines, Inc.'s motion to dismiss for improper venue pursuant to Fed. R. Civ. P 12(b)(3) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item 3.] Plaintiff Ocean City Express Co., Inc., asserts claims for violation of the New Jersey Franchise Protection Act

("NJFPA") and breach of the implied duty of good faith and fair dealing. Defendant argues that Plaintiff failed to state a valid NJFPA claim; that there is no duty of good faith and fair dealing under Indiana law, which governs the contract between the parties; and that dismissal for lack of venue is proper because the contract specifies that any disputes arising from the parties' business relationship must be adjudicated in Vanderburgh County, Indiana.

Because the Court finds that Ocean City Express failed to state a valid claim, it will grant the Defendant's 12(b)(6) motion without prejudice and with leave to file a motion for amended pleading. Because Plaintiff's claims do not survive Defendant's Rule 12(b)(6) motion, the Court will dismiss Defendant's 12(b)(3) motion as moot. The New Jersey Supreme Court has held that forum selection clauses should not be upheld in NJFPA actions; the Court will postpone adjudication of Defendant's motion to dismiss for lack of venue until it becomes clear whether Plaintiff can plead a valid NJFPA claim.

**II. BACKGROUND**

The Complaint's factual allegations are sparse.

Defendant Atlas Van Lines, Inc., is incorporated in Indiana, with its principal place of business in Evansville, Indiana. (Compl. ¶ 2.) Plaintiff Ocean City

2

Express Co., Inc., is incorporated in New Jersey, with its principal place of business in Pleasantville, New Jersey. (Compl. ¶ 1.) On or about March 31, 2006, Plaintiff and Defendant entered into an Agency Agreement. (Compl. ¶ 3.)

The Agency Agreement contains forum selection and choice-of-law clauses. The forum selection clause mandates that all actions arising out of the Agreement must be brought in Vanderburgh County, Indiana:

> AGENT CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE COUNTY OF VANDERBURGH, STATE OF INDIANA. ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL BE LITIGATED IN SUCH COURTS.

(Agency Agreement [Docket Item 3-1] at ¶ 13.)[1] The choice-of-law clause stipulates that the Agency Agreement "shall be interpreted in accordance with the laws of Indiana." (Agency Agreement at ¶ 14.)

Plaintiff allegedly "underwent substantial expense" in order to comply with the Agency Agreement. (Compl. ¶ 4.) On December 17, 2010, Defendant sent Plaintiff a letter terminating the Agency Agreement "without having first given written notice setting forth all the reasons for such

---

[1] Defendant attached the Agency Agreement [Docket Item 3-1] to its Motion to Dismiss. The Court can consider the Agency Agreement at this procedural posture because the Complaint explicitly references and relies upon the Agency Agreement. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

3

termination, cancellation or intent not to renew . . . and without having good cause for doing so." (Compl. ¶ 6.) Plaintiff contends that it suffered damages as a result of Defendant's decision to terminate the Agency Agreement. (Compl. ¶ 7.)

Plaintiff asserts two claims: (I) violation of the New Jersey Franchise Practices Act ("NJFPA") and (II) violation of the implied covenant of good faith and fair dealing.

Plaintiff filed this action in New Jersey Superior Court on January 15, 2013. Defendant removed the case to federal court. The court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

## III. DEFENDANT'S 12(b)(6) MOTION

### A. Parties' Arguments

Defendant argues that this action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff fails to allege that it qualifies as a franchise under the NJFPA and because Plaintiff cannot allege a claim for breach of the duty of good faith and fair dealing under Indiana law, which governs the Agency Agreement.

Plaintiff argues that it stated a valid NJFPA claim. Plaintiff attached a certification [Docket Item 8-1] from

4

its President, Thomas Terne, to its brief in opposition.[2] Terne alleges that Plaintiff incurred approximately $175,000 to $200,000 in costs to de-brand from Atlas Van Lines. (Terne Certification ¶ 11.) Terne notes that Atlas extended the termination deadline from December 17, 2010 to March 31, 2011, but emphasizes that the termination "was a complete surprise" and that Plaintiff "absorb[ed] all of the costs" of the termination. (Terne Certification ¶ 10.) Terne alleges that, during the course of the Agency Agreement, the revenue from Atlas Van Lines comprised between 85% and 90% of Plaintiff's total revenue. (Terne Certification ¶ 12.)

Plaintiff also argues that venue is proper in New Jersey and, therefore, New Jersey law, which does recognize a duty of good faith and fair dealing, applies.

**B. Standard of Review Under Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which

---

[2] Plaintiff filed both a Memorandum in Opposition [Docket Item 7] and a Brief in Opposition [Docket Item 8]. The Court has considered both documents.

it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

There are limitations on the materials a court can consider at the 12(b)(6) stage: "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . . However, an exception to the general rule is that a document *integral to or explicitly relied upon in the complaint may be considered* . . . ." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

In addition, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). "If a pleading in a removed case falls short of the 12(b)(6) standard, it is important for the

6

Court to exercise its discretion in favor of permitting Plaintiffs to attempt an amended pleading . . . ." <u>Crozier v. Johnson & Johnson Consumer Companies, Inc.</u>, 901 F. Supp. 2d 494, 500 (D.N.J. 2012).

### C. Plaintiff Fails to Plead a Plausible NJFPA Claim

Plaintiff has not pled facts sufficient to show that it qualifies as a franchise under the NJFPA. The NJFPA only applies to a franchise:

> (1) the performance of which contemplates or requires the franchisee to establish or maintain a place of business within the State of New Jersey, (2) where gross sales of products or services between franchisor and franchisee covered by such franchise shall have exceeded $35,000.00 for the 12 months next preceding the institution of suit pursuant to this act, and (3) where more than 20% of the franchisee's gross sales are intended to be or are derived from such franchise;

N.J.S.A. § 56:10-4. In order to state an NJFPA claim, Plaintiff must therefore allege (1) a place of business within New Jersey, (2) gross sales stemming from the Agency Agreement that exceeded $35,000.00 in the 12 months preceding initiation of the lawsuit, and (3) that more than 20% of Plaintiff's gross sales came from the franchise relationship. Failure to satisfy any of these requirements necessitates dismissal of an NJFPA claim. <u>See, e.g.</u>, <u>Am. Estates, Inc. v. Marietta Cellars Inc.</u>, Civ. 10-6763 (WJM), 2011 WL 1560823, at *5 (D.N.J. Apr. 25, 2011) ("In order to state a claim for a violation of the NJFPA, under N.J.S.A.

7

56:10-4(2), a franchisee must allege that for the appropriate twelve-month period its gross sales of the franchisor's products or services exceeded $35,000. Because the Complaint fails to do so, it fails to state a claim for violation of the NJFPA.").

The Complaint alleges that "[t]he business relationship between Plaintiff and Defendant pursuant to the Agency Agreement and Plaintiff's and Defendant's performance thereof constituted a Franchise within the meaning of the New Jersey Franchise Practices Act." (Compl. ¶ 5.) But the Complaint does not allege facts to support this conclusion. The Complaint does not contain any allegations regarding the amount of gross sales stemming from the relationship between Plaintiff and Defendant. The Complaint also makes no allegations regarding the percentage of Plaintiff's sales that came from the Agency Agreement.

The certification attached to the Opposition alleges that the revenue from Atlas Van Lines comprised between 85% and 90% of Plaintiff's total revenue. (Terne Certification ¶ 12.) The Court cannot consider this assertion, however, because "Plaintiff[] cannot add factual allegations in Opposition; the mechanism for curing pleading deficiencies is to file an amended complaint pursuant to Fed. R. Civ. P.

8

15(a)." Crozier v. Johnson & Johnson Consumer Companies, Inc., 901 F. Supp. 2d 494, 501 (D.N.J. 2012). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a vehicle for testing the sufficiency of pleadings; a certification attached to an opposition brief is not a pleading that may be considered at this procedural posture.

Moreover, even if the Court could consider Terne's allegation regarding the percentage of sales stemming from the Agency Agreement, neither the Complaint nor the Certification alleges that sales exceeded $35,000.00 in the last 12 months of the parties' business relationship. That deficiency, alone, is sufficient for dismissal.

Plaintiff's NJFPA claim must be dismissed for failure to plead that Plaintiff qualifies as a franchise under the NJFPA. The dismissal will be without prejudice and with leave to file a motion to amend.[3]

---

[3] Because the Court will grant Defendant's motion to dismiss pursuant to Rule 12(b)(6), the Court need not address Defendant's arguments that federal law preempts the NJFPA and that Plaintiff failed to plead facts regarding other NJFPA requirements, including a community of interest between Plaintiff and Defendant, that Defendant granted a

### C. Indiana Law Does Not Recognize Good Faith and Fair Dealing Claims

Defendant argues that Indiana law governs this action, and Indiana law does not recognize a duty of good faith and fair dealing. Plaintiff argues that the Court must apply New Jersey common law, which requires parties to a contract to act in good faith and fair dealing.

The contractual duty of good faith and fair dealing exists under New Jersey law, but not Indiana law. Compare Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997) ("every contract in New Jersey contains an implied covenant of good faith and fair dealing . . . an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract") (citations and internal quotations omitted) with First Fed. Sav. Bank of Indiana v. Key Markets, Inc., 559 N.E.2d 600, 604 (Ind. 1990) (holding that "[i]t is not the province of courts to require a party acting pursuant to such a

---

license to the franchisee, and that the parties contemplated that the franchise would maintain a place of business in New Jersey. The Court notes, however, that the allegations in Plaintiff's Complaint are sparse and conclusory. The Complaint was originally filed in New Jersey Superior Court, and federal pleading standards are generally more stringent than those in New Jersey state courts post-Twombly. Plaintiff's proposed Amended Complaint must meet the federal pleading standards.

10

contract to be 'reasonable,' 'fair,' or show 'good faith' cooperation" and that the duty of good faith and fair dealing does not apply in Indiana save for limited exceptions such as ambiguous language, insurance contracts, or fiduciary relationship). Plaintiff's second claim will, therefore, only survive if New Jersey, not Indiana, common law applies.

The Agency Agreement states that it "shall be interpreted in accordance with the laws of Indiana." (Agency Agreement at ¶ 14.) "In evaluating whether a contractual choice-of-law clause is enforceable, federal courts sitting in diversity apply the choice-of-law rules of the forum state . . . ." Cohen v. Chase Bank, N.A., 679 F. Supp. 2d 582, 590 (D.N.J. 2010) (citing Homa v. American Express Co., 558 F.3d 225, 227 (3d Cir. 2009)). The Court will therefore look to New Jersey law to interpret this choice of law clause. "Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 341 (1992). Plaintiff has not cited any cases holding that upholding a choice-of-law provision that results in the preclusion of a good faith

11

and fair dealing claim will violate New Jersey's public policy. The implied duty of good faith and fair dealing arises from New Jersey's common law, Sons of Thunder, supra, 148 N.J. at 420-421, not from some overarching legislative statement of public policy. Therefore, the Court will apply Indiana law with regard to Count II's claim of breach of the duty of good faith and fair dealing.[4]

The Court will dismiss Plaintiff's good faith and fair dealing claim because the Agency Agreement specifies that Indiana law applies and because Indiana common law does not allow good faith and fair dealing claims. The dismissal will be without prejudice because Indiana law has exceptions for contracts involving a fiduciary duty or ambiguity. Plaintiff may be able to show, in an amended pleading, a plausible basis to claim that the duty of good

---

[4] It may seem incongruous to apply New Jersey law and Indiana law in the same action, with New Jersey law governing the NJFPA claim and Indiana law governing the good faith and fair dealing claim. But other courts in this district have applied two states' laws to cases involving NJFPA claims. See, e.g., Stadium Chrysler Jeep, L.L.C. v. DaimlerChrysler Motors Co., LLC, 324 F. Supp. 2d 587, 601 (D.N.J. 2004) (applying Michigan law to good faith and fair dealing claim and New Jersey law to NJFPA claim); Goldwell of New Jersey, Inc. v. KPSS, Inc., 622 F. Supp. 2d 168, 193 (D.N.J. 2009) (applying New Jersey law to NJFPA claim and Maryland law to duty of good faith and fair dealing claim); and Harter Equip., Inc. v. Volvo Const. Equip. N. Am., Inc., Civ. 01-CV-04040, 2003 WL 25889139 (D.N.J. Sept. 23, 2003) (applying Illinois law to breach of contract claim and New Jersey law to NJFPA claim).

faith and fair dealing does apply, even under Indiana law. Although the proposition is doubtful, this Court will not foreclose a final opportunity to so allege if counsel is able to do so consistent with counsel's obligations under Rule 11(b), Fed. R. Civ. P.

In sum, both of Plaintiff's claims will be dismissed without prejudice pursuant to Rule 12(b)(6).

**VI. DEFENDANT'S 12(b)(3) MOTION TO DISMISS**

Defendant argues that this action should be dismissed pursuant to Rule 12(b)(3) for lack of venue because the Agency Agreement contains a forum selection clause mandating that all actions arising out of the Agreement must be brought in Vanderburgh County, Indiana. Because the Complaint does not survive the Rule 12(b)(6) motion, the Court will dismiss Defendant's motion to dismiss for lack of venue as moot.

Moreover, if Plaintiff files a plausible NJFPA claim in an Amended Complaint, the forum selection clause could be invalid under New Jersey Law. The New Jersey Supreme Court has held that forum selection clauses are unenforceable when Plaintiffs assert NJFPA claims because "enforcement of forum-selection clauses in contracts subject to the Franchise Act would substantially undermine the protections that the legislature intended to afford to

13

all New Jersey Franchisees." <u>Kubis & Persyk Associates, Inc. v. Sun Microsystems, Inc.</u>, 146 N.J. 176, 192-93 (1996). Because Plaintiff seeks to assert an NJFPA claim and because such a claim could have a controlling impact on the Court's venue analysis, the Court will dismiss Defendant's Rule 12(b)(3) motion as moot.

**VII. CONCLUSION**

Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court will grant, without prejudice, the Rule 12(b)(6) motion for failure to state a claim. Because the Complaint does not survive the Rule 12(b)(6) motion, the Court will dismiss as moot Defendant's motion to dismiss for lack of venue pursuant to Rule 12(b)(3). Any motion to cure these pleading defects by seeking leave to file an Amended Complaint must be filed within fourteen (14) days of the entry of this Opinion and Order. The accompanying Order will be entered.


**July 25, 2013**                              **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               Chief U.S. District Judge