IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

OCEAN CITY EXPRESS CO., INC.,    :   HONORABLE JEROME B. SIMANDLE
                                 :
              Plaintiff,          :
                                 :   CIVIL NO. 13-1467 (JBS/KMW)
       v.                        :
                                 :
ATLAS VAN LINES, INC.,           :          **OPINION**
                                 :
              Defendant.          :
_____

APPEARANCES:

Jeffrey H. Sutherland, Esq.
JEFFREY H. SUTHERLAND, PC
Linwood Commons
2106 New Road, Suite E-5
Linwood, N.J. 08221
     Attorney for Plaintiff

Gary Francis Seitz, Esq.
RAWLE & HENDERSON, LLP
401 Route 73 North
40 Lake Center Executive Park, Suite 200
Marlton, N.J. 08053
     Attorney for Defendant

**SIMANDLE,** CHIEF JUDGE:

## I. INTRODUCTION

     This matter comes before the Court on Plaintiff Ocean City

Express Co., Inc.'s motion to file an Amended Complaint pursuant

to Fed. R. Civ. P. 15(a).[1] Plaintiff asserts claims for violation of the New Jersey Franchise Practices Act ("NJFPA") and breach of the implied duty of good faith and fair dealing. Defendant opposes the motion, arguing that Plaintiff failed to state a valid NJFPA claim; federal law preempts the NJFPA; Plaintiff failed to state a claim for breach of the duty of good faith and fair dealing; and the proposed amendment is futile because the case is in the wrong forum.

Previously, the Court granted Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. and dismissed as moot Defendant's motion for improper venue under Rule 12(b)(3), Fed. R. Civ. P. Ocean City Express Co., Inc. v. Atlas Van Lines, Inc., No. 13-1467, 2013 WL 3873235, at *5 (D.N.J. July 25, 2013). The dismissals were without prejudice and with leave to file a motion to amend. Id.

Because the Court finds that Plaintiff failed to state valid good faith and fair dealing and NJFPA claims, it will deny Plaintiff's motion to file an amended complaint. Plaintiff's good faith and fair dealing claim will be dismissed with prejudice, and Plaintiff's NJFPA claim will be dismissed without prejudice.

---

[1] Plaintiff's Notice of Motion to File an Amended Complaint is Docket Item 12. Plaintiff's proposed Amended Complaint is Docket Item 13.

## II. BACKGROUND

### A. Facts

Defendant Atlas Van Lines, Inc., is incorporated in Indiana, with its principal place of business in Evansville, Indiana. (Am. Compl. ¶ 2.) Plaintiff Ocean City Express Co., Inc., is incorporated in New Jersey, with its principal place of business in Pleasantville, New Jersey. (Id. ¶ 1.) On or about March 31, 2006, Plaintiff and Defendant entered into an Agency Agreement. (Id. ¶ 3.) Plaintiff alleges that its gross sales stemming from the agreement exceeded $35,000 within the twelve months preceding the law suit and that "[t]he gross sales for 2010 exceeded $2.7 million and the gross sales for 2011 exceeded $1.8 million." (Id. ¶ 6.) Plaintiff further alleges that the revenue from Defendant "comprised between 85% and 90% of Plaintiff's total revenue" during the course of the agreement. (Id. ¶ 7.)

Plaintiff allegedly "underwent substantial expense" to comply with the Agency Agreement. (Id. ¶ 4.) On December 17, 2010, Defendant sent Plaintiff a letter terminating the Agency Agreement "without setting forth any basis justifying 'good cause' for such termination." (Id. ¶ 8.) Plaintiff allegedly suffered damages from Defendant's decision to terminate the Agency Agreement. (Id. ¶ 10.)

Plaintiff asserts two claims: (1) violation of the NJFPA and (2) violation of the duty of good faith and fair dealing.

**B. Procedural History**

Plaintiff filed this action in New Jersey Superior Court on January 15, 2013. Defendant removed the case to federal court.

Defendant subsequently filed a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Docket Item 3.] In its July 25, 2013 Opinion, Ocean City Express I, 2013 WL 3873235 at *5, the Court granted without prejudice Defendant's motion to dismiss because Plaintiff failed to plead facts sufficient to show that its relationship with Defendant qualified as a franchise relationship under the NJFPA. Specifically, Plaintiff failed to allege the amount of gross sales stemming from the relationship and the percentage of Plaintiff's sales that came from the Agency Agreement. Id. at *3. The Court also dismissed Plaintiff's good faith and fair dealing claim because the Agency Agreement specifies that Indiana law applies and because Indiana common law does not allow good faith and fair dealing claims. Id. at *5. Because the Court granted Defendant's motion to dismiss, the Court did not address Defendant's arguments that federal law preempts the NJFPA and that Plaintiff failed to plead facts regarding other NJFPA requirements. Id. at *4 n.3. But the Court noted that the

4

allegations in Plaintiff's Complaint were "sparse and conclusory" and Plaintiff's proposed Amended Complaint must meet the federal pleading standards, which "are generally more stringent than those in New Jersey state courts post-Twombly." Id. The Court also dismissed as moot Defendant's motion to dismiss for lack of venue pursuant to Rule 12(b)(3). Id. at *5. The Court permitted Plaintiff fourteen (14) days to file an amended complaint. Id.

Plaintiff's motion to file an amended complaint is now before the Court.

## III. MOTION TO AMEND

### A. Standard of Review

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." However, the court justifiably may deny leave to amend on grounds "such as undue delay, bad faith, dilatory motive, prejudice and futility." Calif. Pub. Employees' Ret. Sys. V. Chubb Corp., 394 F.3d 126, 165 (3d Cir. 2004). An amendment is futile where the complaint, as amended, would fail to state a claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6). In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Furthermore, although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal

conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B. Parties' Arguments

Plaintiff claims that "[t]he business relationship between Plaintiff and Defendant . . . constituted a Franchise within the meaning of the New Jersey Franchise Practices Act . . . with Plaintiff being the 'Franchisee' and Defendant being the 'Franchisor' . . . ." (Am. Compl. ¶ 5.) Plaintiff argues that Plaintiff and Defendant have a community of interest in "servicing individuals and companies to move their belongings" and that the Agency Agreement granted Plaintiff a license to "market its services under the Atlas name." (Pl.'s Br. Supp. Am. Compl. at 3.) Plaintiff also argues that the Amended Complaint satisfies federal pleading requirements.

Defendant argues that Plaintiff's amendment of its claim for a violation of the implied duty of good faith and fair dealing is futile. (Def. Opp'n at 21-22.) Defendant further argues that Plaintiff's Amended Complaint fails to plead the elements of a NJFPA franchise because Plaintiff did not sufficiently plead facts that satisfy the license, community of interest, qualifying place of business, gross sales, and sales percentage requirements. (Id. at 14-15, 18-19.)

6

Alternatively, and in addition, Defendant argues that Plaintiff's NJFPA claims are preempted by federal law. (Id. at 7-14.) Defendant also asserts that since the NJFPA does not apply, it does not bar the enforcement of the forum selection clause. (Id. at 20.)

Plaintiff did not file a reply.

**C. Plaintiff's Good Faith and Fair Dealing Claim**

In the July 25, 2013 Opinion, the Court dismissed Plaintiff's good faith and fair dealing claim because the Agency Agreement specifies that Indiana law applies and because Indiana common law does not allow claims based on breach of the duty of good faith and fair dealing. Ocean City Express I, 2013 WL 3873235 at *5. The Court noted that the dismissal would be without prejudice because Indiana law has exceptions for contracts involving a fiduciary duty or ambiguity and, in an amended pleading, Plaintiff could potentially plead a good faith and fair dealing claim that fell within an exception. Id.; see First Fed. Sav. Bank of Ind. v. Key Markets, Inc., 559 N.E. 2d 600, 604 (Ind. 1990) (holding that "[i]t is not the province of courts to require a party acting pursuant to such a contract to be 'reasonable,' 'fair,' or show 'good faith' cooperation" and the duty of good faith and fair dealing does not apply in Indiana save for limited exceptions such as ambiguous language, insurance contracts, or fiduciary relationship).

7

Plaintiff's proposed Amended Complaint, however, does not allege any of the exceptions recognized by Indiana law. In fact, Plaintiff's good faith and fair dealing claim is identical to the claim that has already been dismissed. Plaintiff's original Complaint states that "[t]he Agency Agreement had, as an implied covenant thereof, the duty of good faith and fair dealing on the part of Defendant towards Plaintiff" and that "[i]n terminating the Agency Agreement, the Defendant violated such duty of good faith and fair dealing, resulting in damages to Plaintiff." (Compl. ¶¶ 2-3.) Plaintiff's discussion of its good faith and fair dealing claim in the proposed Amended Complaint is identical. (Am. Compl. ¶¶ 2-3.) Plaintiff has not pleaded any facts showing that an exception, such as fiduciary duty or ambiguity, applies. Plaintiff's motion to amend its claim for a violation of the implied duty of good faith and fair dealing is futile and this claim will be dismissed with prejudice.

### D. Plaintiff Fails to Plead the Elements of an NJFPA Franchise

Plaintiff has not pled facts sufficient to show that its relationship with Defendant qualifies as a franchise relationship under the NJFPA. Specifically, Plaintiff failed to plead that its business location is a qualifying place of business.

**1. NJFPA Definitional Criteria**

The NJFPA defines a franchise as "a written arrangement . . . in which a person grants to another person a license to use a trade name, trade mark, service mark, or related characteristics, and in which there is a community of interest in the marketing of goods or services . . . ." N.J.S.A. § 56:10-3(a). Thus, there are two definitional criteria: (1) a "license" permitting use of the franchisor's trade name, and (2) a "community of interest" between the parties. Without these two requirements, there is no NJFPA franchise. See, e.g., Neptune T.V. & Appliance Serv., Inc. v. Litton Microwave Cooking Prods. Div., 190 N.J. Super. 153 (App. Div. 1983) (licensed service center was not a franchisee even though it satisfied license requirement because it did not satisfy community of interest requirement); Cassidy Podell Lynch, Inc. v. SnyderGeneral Corp., 944 F.2d 1131 (3d Cir. 1991) (even though distributor had a license, there was no community of interest and, thus, no NJFPA franchise).

**a. License**

The proposed Amended Complaint satisfies the "license" requirement of the NJFPA. In the context of the Act, the word "license" means "to use as if it is one's own." Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 352 (1992). It implies a proprietary interest. Id. The Appellate

Division of the Superior Court of New Jersey has construed the
term "license" as

> the use of another's trade name in such a manner as to
> create a reasonable belief on the part of the
> consuming public that there is a connection between
> the trade name licensor and licensee by which the
> licensor vouches . . . for the activity of the
> licensee in respect of the subject of the trade name.

Neptune T.V., 190 N.J. Super. at 160, quoted in Cassidy, 944
F.2d at 1138-39. The Agency Agreement[2] authorizes Plaintiff to
"represent[] and act[] on behalf of Atlas in connection with
Atlas' business." (Agency Agreement ¶ 1.) Thus, Defendant
"vouches" for the activity of Plaintiff covered by the agreement
and the "license" requirement is satisfied.

### b. Community of Interest

The proposed Amended Complaint also satisfies the
"community of interest" requirement, which "exists when the
terms of the agreement between the parties or the nature of the
franchise business requires the licensee, in the interest of the
licensed business's success, to make a substantial investment in
goods or skills that will be of minimal utility outside the
franchise." Cassidy, 944 F.2d at 1143. A "community of interest"
thus has two requirements: (1) the licensee's investments must
have been substantial franchise-specific investments, and (2)

---

[2] The Court can consider the Agency Agreement because it was
attached to and referenced within the Complaint. See In re
Burlington Coat Factory, 114 F.3d at 1426.

the licensee must have been required to make these investments by the parties' agreement or the nature of the business. Plaintiff alleges that Defendant's termination of the agreement caused Plaintiff to incur costs "between $175,000 and $200,000" to "de-brand Plaintiff's various vehicles, buildings, stationary, and other signage." (Am. Compl. ¶ 10.) These franchise-specific investments were required by the Agency Agreement, which states that Plaintiff shall "advertise the services of Atlas at Agent's expense . . . ." (Agency Agreement ¶ 2(e).) Thus, a community of interest exists because Plaintiff's "substantial franchise-specific investments" were "required" by the parties' agreement. Plaintiff has satisfied the "community of interest" requirement.

**2. Other NJFPA Requirements**

Even if a relationship meets the general franchise definition, not all franchises fall under the NJFPA. The NJFPA only applies to a franchise:

> (1) the performance of which contemplates or requires the franchisee to establish or maintain a place of business within the State of New Jersey, (2) where gross sales of products or services between the franchisor and franchisee covered by such franchise shall have exceeded $35,000.00 for the 12 months next preceding the institution of suit pursuant to this act, and (3) where more than 20% of the franchisee's gross sales are intended to be or are derived from such franchise;

N.J.S.A. § 56:10-4(a). To state an NJFPA claim, Plaintiff must therefore show: (1) a place of business within New Jersey, (2) gross sales stemming from the franchise agreement that exceeded $35,000.00 in the 12 months preceding initiation of the lawsuit, and (3) that more than 20% of Plaintiff's gross sales came from the franchise relationship. Failure to satisfy any of these requirements necessitates dismissal of an NJFPA claim. See, e.g., Am. Estates, Inc. v. Marietta Cellars Inc., Civ. 10-6763 (WJM), 2011 WL 1560823, at *5 (D.N.J. Apr. 25, 2011) ("to state a claim for a violation of the NJFPA, . . . a franchisee must allege that for the appropriate twelve-month period its gross sales of the franchisor's products or services exceeded $35,000. Because the Complaint fails to do so, it fails to state a claim for violation of the NJFPA.").

### a. Place of Business

The proposed Amended Complaint fails to allege that Plaintiff's principal office is a qualifying place of business under the NJFPA. In order to satisfy the "place of business" requirement, the Act requires the contractual agreement to "contemplate or require" the franchisee to establish or maintain a place of business within the state of New Jersey. N.J.S.A. § 56:10-4(a)(1). The NJFPA defines "place of business" as "[a] fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods or offers for sale and

sells the franchisor's services." N.J.S.A. § 56:10-3(f). The Act further explains that "[p]lace of business shall not mean an office, a warehouse, a place of storage, a residence or a vehicle." Id.

The New Jersey Supreme Court has emphasized that the definition "ensures that only those businesses that operate as genuine franchises will obtain protection of the Act." Instructional Sys., 130 N.J. at 349. In other words, "there must be a sales location in New Jersey. Mere distribution through an office or warehouse would not qualify." Id. (quoting Greco Steam Cleaning, Inc. v. Associated Dry Goods Corp., 257 N.J. Super. 594, 598, 608 A.2d 1010, 1012 (Ch. Div. 1992)(holding that NJFPA does not apply to carpet cleaning business)). There must be "some substantial level of marketing to the customer or other sales-related interplay with customers at the location." Fischer Thompson Beverages, Inc. v. Energy Brands Inc., No. 07-4585, 2007 WL 3349746, at *3 (D.N.J. November 9, 2007) (citing Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc., 63 F.3d 262, 274-275 (3d Cir. 1995) (showroom/marketing center constituted a place of business under the NJFPA because the franchisee "regularly used th[e] facility for activities that were an integral part of the sales process")). See also Liberty Sales Assocs., Inc. v. Dow Corning Corp., 816 F. Supp. 1004, 1009 (D.N.J. 1993) (a residential office/warehouse where sales

efforts were limited to telephoning potential buyers did not constitute a place of business); Instructional Sys., 130 N.J. at 350-351 (a marketing facility was a place of business because it largely functioned as a product showroom, where more than 100 product demonstrations a year were given to prospective customers). Essentially, the "place of business" definition "contemplates a location where selling is a major activity – a particular kind of selling involving the interplay of goods on display, the physical presence of the customer and the selling efforts of the vendor." Liberty Sales Assoc., Inc., 816 F. Supp. at 1009.

Plaintiff fails to allege that its business location is a qualifying "place of business" because Plaintiff has not alleged that its business location was a place involving the display of goods or the physical interaction between the customer and the vendor. Furthermore, Plaintiff has not alleged that its business location was regularly used for activities that were an integral part of the sales process. Plaintiff's proposed Amended Complaint alleges that Plaintiff's principal office is located at 580 W. Leeds Avenue, City of Pleasantville, Atlantic County, New Jersey. (Am. Compl. ¶ 1.) Plaintiff does not, however, allege that this address is a "sales location."

There is an exception to the "place of business" definition for businesses that do not make the "majority of [their] sales

directly to consumers." N.J.S.A. § 56:10-3(f). Under this exception, even if the franchisee does not "display[] . . . [or] sell [] the franchisor's goods" from its office, its office may still qualify as a place of business if: (1) it is the place where the franchisee's "personnel . . . call upon customers," or (2) the franchisee's "goods are delivered to customers" from the location. Id. Plaintiff only qualifies for this exception if it does not make the "majority of [its] sales directly to consumers." Oracle Am., Inc. v. Innovative Tech. Distributors LLC, 5:11-CV-01043-LHK, 2012 WL 4122813 at *16 (N.D. Cal. Sept. 18, 2012) (applying New Jersey law to resolve an NJFPA claim). Plaintiff does not plead facts sufficient to determine whether it makes the majority of its sales directly to consumers, and thus it does not qualify for the exception.[3]

Therefore, the proposed Amended Complaint fails to sufficiently allege that Plaintiff's principal office is a qualifying place of business.

---

[3] To qualify for the place of business exception, Plaintiff must plead that it does not make the majority of its sales directly to consumers. If Plaintiff satisfies this initial requirement, it must also plead that its office or warehouse is a place from which "franchisee personnel visit or call upon customers," the franchisee "offers for sale and sells the franchisor's services," or "the franchisor's goods are delivered to customers." N.J.S.A. § 56:10-3(f).

**b. Gross Sales and Sales Percentage**

Plaintiff did remedy the grounds for dismissal discussed explicitly in the Court's July 25, 2013 Opinion, in which the Court held that Plaintiff failed to allege the amount of gross sales stemming from the relationship between Plaintiff and Defendant and the percentage of Plaintiff's sales that came from the Agency Agreement. Plaintiff's proposed Amended Complaint cures those deficiencies. Plaintiff now alleges that its gross sales stemming from the Agency Agreement "exceed[ed] $35,000 within the 12 months preceding the law suit," (Am. Compl. ¶ 6), thus satisfying the gross sales requirement. And because Plaintiff alleges that, during the course of the agreement, the revenue from Defendant "comprised between 85% and 90% of Plaintiff's total revenue," (Am. Compl. ¶ 7), the sales percentage requirement is also satisfied.

Defendant disputes these facts, arguing that "[s]ince the Agreement was terminated effective December 17, 2010 and the termination was extended to March 31, 2011," Plaintiff's allegation that gross sales exceeded $35,000 in the 12 months before filing is "inconsistent with the remaining allegations of the Amended Complaint." (Def. Opp'n at 19.) Defendant also asserts that Plaintiff's allegations regarding 2010 and 2011 sales "fail[] to meet or fulfill the [gross sales] requirement." Id. A "district court ruling on a motion to dismiss may not

consider matters extraneous to the pleadings" except that a
"document integral to or explicitly relied upon in the complaint
may be considered . . . ." In re Burlington Coat Factory, 114
F.3d at 1426 (citations omitted). Although the Court is
presently ruling on a motion to file an amended complaint, the
rule is applicable. See Downey v. Coal. Against Rape & Abuse,
Inc., 143 F. Supp. 2d 423, 449 n.5 (D.N.J. 2001) (applying Rule
12(b)(6) standard regarding consideration of documents and facts
outside of the pleadings in addressing motion to amend under
Fed. R. Civ. P. 15(a)); cf. Hassoun v. Cimmino, 126 F. Supp. 2d
353, 369 n.24 (D.N.J. 2000) ("Defendants have pointed to no
authority directing this Court to look beyond the pleadings in
considering . . . opposition to a motion to amend"). Defendant's
allegation that the termination occurred on March 31, 2011 has
not been pled in the Amended Complaint or in any documents
explicitly referenced and attached to it.  Therefore, the Court
cannot consider it. Furthermore, the Court must accept as true
all of the factual allegations in the Amended Complaint. Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007). Because the
Amended Complaint alleges that Plaintiff's gross sales from the
Agreement "exceed[ed] $35,000 within 12 months preceding the law
suit," the court must accept that as true.[4]

---

[4] The twelve month limitation of the gross sales requirement
applies only to "ongoing franchises that are in business when

Defendant further argues, with respect to the sales percentage requirement, that Plaintiff "does not identify the period of time material under the Act – 'for the 12 months next preceding the institution of suit.'" (Def. Opp'n at 19.) This argument lacks merit. The sales percentage requirement does not identify the material time period to be "the 12 months next preceding the institution of suit." That time period is an element of the gross sales requirement. Plaintiff satisfies both the gross sales and the sales percentage requirements.

Plaintiff pleads facts sufficient to satisfy the license, community of interest, gross sales, and sales percentage requirements of an NJFPA franchise. However, Plaintiff fails to plead that its principal office is a qualifying place of business and, thus, fails to show that it qualifies as an NJFPA franchise.[5] If Plaintiff, consistent with counsel's obligations

---

the suit is started." Tynan v. Gen. Motors Corp., 248 N.J. Super. 654, 676 (App. Div. 1991) (Cohen, J., dissenting). Otherwise, a plaintiff meets the requirement by having its gross sales calculated for the last twelve months that the franchise existed. Id. The New Jersey Supreme Court endorsed Judge Cohen's dissenting opinion and reversed the Appellate Division's majority decision "substantially for the reasons expressed in Judge Cohen's partial dissent." Tynan v. Gen. Motors Corp., 127 N.J. 269, 270 (1992). In a scenario where the franchise is terminated but the franchisee's business survives, the relevant period of calculation is the twelve months prior to the termination of the franchise. Am. Estates, Inc. v. Marietta Cellars Inc., 2011 WL 1560823 at *5 n.2.

[5] Because Plaintiff fails to plead a valid NJFPA claim, the Court need not consider whether federal law preempts the NJFPA.

under Rule 11, Fed. R. Civ. P., can satisfy this remaining NJFPA

pleading requirement, it may file a Second Amended Complaint

within (14) days without the necessity of seeking leave of

court.

## IV. VENUE

Defendant argues that venue is improper because the NJFPA

does not apply and the forum selection clause[6] is valid and

enforceable. (Def. Opp'n at 19-21.) As a general matter, a forum

selection clause is presumptively valid unless the resisting

party can show that enforcement of the clause would be

unreasonable under the circumstances. M/S Bremen v. Zapata Off-

Shore Co., 407 U.S. 1, 10 (1972).

The New Jersey Supreme Court has held, however, that forum

selection clauses in contracts covered by the NJFPA are

presumptively invalid. Kubis & Perszyk Assoc. v. Sun

Microsystems, 146 N.J. 176, 195 (1996). Plaintiff has not yet

pled facts sufficient to allege a valid NJFPA claim. However,

because Plaintiff's good faith and fair dealing claim will be

dismissed with prejudice, Plaintiff's NJFPA claim is the only

potential remaining claim. If Plaintiff can plead a valid NJFPA

claim, the forum-selection clause will be presumptively invalid.

If Plaintiff cannot plead a valid NJFPA claim, the case will be

---

[6] The Agency Agreement contains a forum selection clause choosing
the state or federal courts of Indiana. (Agency Agreement ¶ 13.)

dismissed because there will be no claims remaining. Thus, given the potentiality of the NJFPA claim, venue is proper for such a claim in the District of New Jersey.

## V. CONCLUSION

Plaintiff's proposed Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff failed to plead a valid good faith and fair dealing claim under Indiana law and failed to plead a valid NJFPA claim. The Court will deny Plaintiff's motion to file an amended complaint, dismiss Plaintiff's good faith and fair dealing claim with prejudice, and dismiss Plaintiff's NJFPA claim without prejudice because the NJFPA deficiencies may be easily cured. The Court will grant Plaintiff fourteen (14) days to file a Second Amended Complaint curing the deficiencies in its NJFPA claim, to allege that its principal office in New Jersey is a qualifying place of business.

The accompanying Order will be entered.


**February 19, 2014**                      **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge